JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Paul Brown, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of robbery. He was convicted of the offense after a bench trial. For the following reasons, we affirm the trial court's judgment.
At trial, David Stamper testified that he was leaving a bar at closing time when he saw Brown near the bar's exit. He and Brown conversed for approximately fifteen minutes. When Stamper began to leave, Brown accosted him from behind and tried to take his wallet. According to Stamper, the two struggled until a police officer arrived. Stamper testified that he had received various minor injuries in the struggle, during which Brown stole his watch, but not his wallet.
Josh Welch, an employee of the bar, testified that he had witnessed Brown assault Stamper and that he had seen Brown reaching into Stamper's pockets. According to Welch, Brown took Stamper's wallet and keys and was holding them when the police officer arrived. The officer who arrived at the scene testified that he had seen Brown assault Stamper but that he had not witnessed a theft or an attempted theft.
The defense rested without offering any evidence. The trial court found Brown guilty and sentenced him to a term of imprisonment. In a single assignment of error, Brown now argues that the conviction was based upon insufficient evidence and was against the manifest weight of the evidence.
In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
The robbery statute, R.C. 2911.02(A)(2), provides that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another."
In the case at bar, the conviction was in accordance with the evidence. Stamper testified that Brown had caused him injury in stealing his watch and in attempting to steal his wallet. The trial court was therefore presented with sufficient evidence as to each element of robbery. And while we recognize that there were inconsistencies among the state's witnesses — including inconsistencies about what, if anything, had been stolen — it was within the trial court's discretion to believe the testimony that Brown had caused Stamper physical harm in committing or attempting a theft offense. Because we cannot say that the trial court lost its way in finding Brown guilty, the assignment of error is overruled.
Although we have overruled the assignment of error, we note that the trial court's entry of conviction erroneously stated that Brown had entered a guilty plea to the offense. We hereby modify the entry to reflect that he had been found guilty after a bench trial. The judgment of the trial court, as modified, is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
WINKLER, P.J., HILDEBRANDT and GORMAN, JJ.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819.
[2] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.